UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:21-CV-00130-HBB

**KRISTINA L.**[1]  **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Kristina L. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 14) and Defendant (DN 17) have filed a Fact and Law Summary.  For the reasons that follow, the Court concludes that the Commissioner's findings are supported by substantial evidence and comport with applicable law.  As such, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9).  By Order entered February 3, 2022 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

FINDINGS OF FACT

On March 21, 2019, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 17, 175-80). Plaintiff alleged that she became disabled on September 30, 2016, as a result of the following: ADHD, hypertension, back problems, degenerative disc disease, spinal stenosis, bulging disc, chronic depression and anxiety, and chronic pain (Tr. 17, 98, 113). Her claim was denied initially on July 19, 2019, and upon reconsideration on October 30, 2019 (Tr. 17, 96, 112). On November 11, 2019, Plaintiff filed a written request for a hearing (Tr. 17, 145).

On December 2, 2020, Administrative Law Judge Maribeth McMahon ("ALJ") conducted a telephonic hearing due to the extraordinary circumstances of the COVID-19 pandemic (Tr. 17, 37). Plaintiff and her counsel, Russ Wilkey, were present on the line (Id.). Florence Clemmons, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated February 10, 2021, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 17-29). At the first step, the ALJ found that Plaintiff worked after the alleged disability date but had not engaged in substantial gainful activity since November 15, 2017, the amended alleged onset date (Tr. 20). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease with radiculopathy to the upper extremities; osteoarthritis; mild carpal tunnel syndrome on the right; major depressive disorder; generalized anxiety disorder; attention deficit hyperactivity disorder (ADHD); and insomnia (Id.). The ALJ determined that Plaintiff's hypertension and gastroesophageal reflux disease, alcohol abuse, post-traumatic stress disorder ("PTSD") were non-severe impairments (Id.). At the third step, the ALJ concluded that

Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 21).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional limitations: she could frequently reach in any direction with the bilateral upper extremities; she could sit, stand, and walk each up to 30 minutes at a time for a total of up to six hours each in an eight-hour workday with normal breaks; she should never climb ladders, ropes, or scaffolds; she could frequently stoop, kneel, crouch, crawl, and climb ramps/stairs; she should avoid concentrated exposure to vibrations, unprotected heights; or dangerous machinery; she is able to understand, remember, and carry out simple instructions and non-detailed tasks; she is able to maintain attention and concentration for two-hour segments in an eight-hour day; she is able to interact appropriately with supervisors and co-workers, sufficient for task completion, and can have no contact with the public; she is able to adapt to routine changes and avoid hazards in a work setting with routine support and structure; she should not engage in fast-paced production work. (Tr. 22-23).   The ALJ considered Plaintiff's RFC, past work experience, and testimony of the vocational expert, and concluded that Plaintiff is unable to perform her past relevant work (Tr. 27).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (Tr. 28-29).   Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from November 15, 2017, through the date of the decision (Tr. 29).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 253-58). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-696.

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Supplemental Security Income to persons with disabilities. 42 U.S.C. § 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. § 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Finding No. 5

1. Arguments of the Parties

Plaintiff mounts four challenges to the ALJ's RFC determination set forth in Finding No. 4 (DN 14 PageID # 1330, 1332-42). First, Plaintiff argues the ALJ improperly discounted the October 2019 opinion of her treating psychiatrist, Dr. Hejran (Id. at PageID # 1332). Next, Plaintiff asserts that in assessing her RFC, the ALJ failed to accord proper weight to a finding of a "moderate" impairment with regard to concentrating, persisting or maintaining pace (Id. at PageID # 1332-35). Additionally, Plaintiff contends the ALJ improperly considered her ability to do activities of daily living as proof of her ability to do substantial gainful activity and failed to explain why Plaintiff's medical conditions are not well supported by the record (Id. at PageID # 1335-38). Further, Plaintiff indicates the ALJ improperly considered her complaints of pain and assessing her ability to reach overhead (Id. at PageID # 1338-42).

Defendant argues the ALJ's RFC finding is supported by substantial evidence of record and comports with applicable law (DN 17 PageID # 1347-48). Defendant contends the ALJ reasonably evaluated the October 2019 opinion from Dr. Hejran (Id. at PageID # 1348-49). Next, Defendant asserts that the ALJ reasonably assessed Plaintiff's mental RFC, which included the moderate rating on her ability to concentrate, persist, or maintain pace under the new mental impairment regulations that became effective January 2017 (Id. at PageID # 1349-51). Additionally, Defendant indicates the ALJ reasonably evaluated Plaintiff's subjective complaints about pain and other symptoms in accordance with the regulations (Id. at PageID #1351-54). Further, Defendant points out that the ALJ thoroughly examined the evidence regarding Plaintiff's upper extremities and Plaintiff has not shown she was limited to occasionally reaching (Id. at

PageID # 1354-55). Finally, to the extent Plaintiff argues the ALJ erred by using the grids at Finding No. 9, Defendant points out that the ALJ relied on vocational expert testimony to make the findings at step five (Id. at PageID # 1355-56).

    2.    Applicable Law

The RFC determination is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). Administrative Law Judges make this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). Thus, in making the RFC determination Administrative Law Judges must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a).

The new regulations for evaluating medical opinions and prior administrative medical findings are applicable to Plaintiff's case because she filed her application after March 27, 2017 (Tr. 15, 175). The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[2] in the record, even if it comes from a treating medical source. 20 C.F.R. § 404.1520c(a).[3] Instead, Administrative Law Judges will now evaluate the "persuasiveness" of

---

[2] At the initial and reconsideration levels State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. § 404.1513a(a)(1). Administrative law judges "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. § 404.1513a(b)(1).

[3] The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. § 404.1527(c)(2).

7

medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. § 404.1520c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5).[4] Of these five factors, the two most important are supportability and consistency. 20 C.F.R. § 404.1520c(a) and (b)(2). Further, the regulation requires Administrative Law Judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). Notably, under the regulations Administrative Law Judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2).

In assessing a claimant's RFC, the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make findings. 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. § 404.1529(a). In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Hum. Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical

---

[4] In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. § 404.1520c(c)(3)(i)-(v).

evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Id. When, as in this case, the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. § 404.1529(c)(3).

3. Discussion

As mentioned above, Plaintiff argues the ALJ improperly discounted the October 17, 2019, opinion of her treating psychiatrist, Dr. Hejran. Dr, Hejran's letter reads:

> To Whom it May Concern:
>
> [Plaintiff], has been under my care during the past year for treatment of her Psychiatric Illnesses including severe depression and anxiety. Kristina has been compliant with her treatment, but unfortunately she is not responding to treatment, as her depression and anxiety have increased with process of time. One important reason for the lack of response to treatment has been her chronic back pain that is interfering with her response to treatment. Her excessive somatic pain, depression and anxiety are affecting all aspects of her life and contribute to her inability in order have a gainful employment.
>
> If you have any questions or concerns, please call.

(Tr. 1170). To fully appreciate the ALJ's assessment of Dr. Hejran's opinion, consideration must begin with the ALJ's discussion at step three concerning the relevant medical evidence and the degree of functional limitation the mental impairments impose in the four broad functional areas known as the "paragraph B" criteria for Listings 12.04, 12.06, and 12.11 (*see* Tr. 21-22).

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00A.[5] After considering Plaintiff's hearing testimony and the medical evidence in the record, the ALJ found that Plaintiff had a moderate limitation in each of the four broad areas of function (Tr. 21-22) (citing Tr. 310-18, 682, 701, 1112, 1138, 1162, 1274, 1276, 1278).

At step four, the ALJ provided an accurate summary of Plaintiff's subjective statements concerning the pain and other symptoms caused by her physical and mental impairments (Tr. 23). The ALJ then thoroughly discussed the medical evidence pertaining to Plaintiff's physical impairments (Tr. 24-25) and mental impairments (Tr. 25-26). Next, the ALJ discussed the prior administrative medical findings at the initial and reconsideration levels as well as explained why she found the findings concerning Plaintiff's physical limitations less persuasive and Plaintiff's mental impairments very persuasive (Tr. 26). Specifically, the State agency psychological consultants opined that Plaintiff had a moderate limitation in each of the four broad areas of mental functioning and that due to these limitations, Plaintiff was limited to simple, routine work generally consistent with the residual functional capacity, including no interaction with the public (Id.).

The ALJ then provided an accurate summary of Dr. Hejran's letter October 17, 2019 (Tr. 27). The ALJ then explained that Dr. Hejran's opinion as stated in the letter was not persuasive because it did not contain specific limitations and it intruded on an issue—the claimant's ability to work—which is reserved to the Commissioner. Furthermore, the ALJ explained that Dr. Hejran's opinion was not consistent with the previously discussed medical evidence and the medical opinions of the State agency psychological consultants which indicate no more than a moderate

---

[5] The four broad functional areas are: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E1-4; 20 C.F.R. § 404.1520a(c)(3). The four areas of mental functioning are evaluated on the following five-point rating scale: none, mild, moderate, marked, and extreme. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2a-e; 20 C.F.R. § 404.1520a(c)(4).

limitation in each of the four broad areas of mental functioning (Id.). For the above reasons, the ALJ's persuasiveness assessment of Dr. Hejran's opinion is supported by substantial evidence and comports with applicable law set forth in 20 C.F.R. § 404.1520c.

Next, Plaintiff asserts that in assessing her RFC, the ALJ failed to accord proper weight to a finding of a "moderate" impairment with regard to concentrating, persisting or maintaining pace. Plaintiff's assertion is without merit. Contrary to Plaintiff's assertion, the regulations define a moderate limitation as "[y]our functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2c. As explained above, the ALJ's analysis provides a thorough discussion of why the evidence supports a finding that Plaintiff has a "moderate" impairment in her ability to concentrate, persist, and maintain pace. Further, the ALJ's analysis explains why a moderate limitation in that broad area of mental functioning results in a mental RFC that allows Plaintiff to: understand, remember, and carry out simple instructions and non-detailed tasks; maintain attention and concentration for two-hour segments in an eight-hour day; adapt to routine changes and avoid hazards in a work setting with routine support and structure; but precludes Plaintiff from engaging in fast-paced production work (Tr. 22-23, 27).

Next, Plaintiff disputes the ALJ's assessment of her subjective complaints of pain and other symptoms as well as accuses the ALJ of equating her activities of daily living with the ability to perform substantial gainful activity. For the reasons that follow, there is no merit to Plaintiff's claims. As mentioned above, the ALJ accurately summarized Plaintiff's subjective statements regarding pain and other symptoms (Tr. 23). Then the ALJ indicated, "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable

impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" (Tr. 23-24). In reaching this conclusion, the ALJ considered the medical evidence, the medical opinions, the layperson opinions, the evidence concerning Plaintiff's daily activities, the evidence about the frequency of treatment, and inconsistencies in the evidence in assessing Plaintiffs subjective complaints about pain and other symptoms (Tr. 24-27). Duncan v. Sec'y of Health & Hum. Servs., 801 F.2d 847, 853 (6th Cir. 1986); 20 C.F.R. §§ 404.1529(c)(3)(i), (c)(3)(v), (c)(4)(iv). Contrary to Plaintiff's assertion, the ALJ limited her consideration of Plaintiff's daily activities to assessing whether Plaintiff's subjective statements were consistent with the evidence of the record concerning the severity of her impairments. The undersigned concludes that the ALJ's findings are supported by substantial evidence and fully comport with applicable law.

Finally, contrary to Plaintiff's assertion, the ALJ relied on the testimony of a vocational expert, not a Grid Rule in making her disability determination at step five (*see* Tr. 28-29). As Plaintiff had non-exertional limitations, the Grids may be used only as a framework to provide guidance for decision making. 20 C.F.R. § 404.1569a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); Abbot v. Sullivan, 905 F.2d 918, 926-927 (6th Cir. 1990); Cole v. Sec'y of Health & Hum. Servs., 820 F.2d 768, 771 (6th Cir. 1987); Kirk v. Sec'y of Health & Hum. Servs., 667 F.2d 524, 528-529 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).

Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (clean up). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief regarding her challenge.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

February 3, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel